THOMPSON *v.* TAYLOR.

Opinion delivered November 16, 1931.

*Willard Pendergrass* and *Evans & Evans,* for appellant.

*W. B. Rhyne* and *Partain & Agee,* for appellee.

SMITH, J. In 1925 R. M. Thompson and L. P. Strobel formed a mercantile partnership under the name of Strobel-Thompson Dry Goods Company. The partnership continued until March, 1929, at which time it was dissolved by the retirement of Thompson. Strobel had been in active charge of the business, and from time to time borrowed various sums of money from the American Bank & Trust Company, of Paris, Arkansas. The loans were evidenced by notes executed by Strobel in the name of the partnership. Strobel's authority to borrow this money and execute the notes is not questioned.

At the time of the dissolution of the partnership the bank held two notes of the firm. Strobel continued in business and continued to use the original partnership name. When the notes held by the bank at the time of the dissolution matured, they were not paid but were renewed by Strobel, who signed the renewal notes in the name of the partnership as the original notes had been signed. The renewal notes were signed November 14, 1929.

At the time of the execution of these renewal notes the bank was advised that Thompson was no longer a member of the partnership which had been dissolved, and it is an undisputed fact, and was well known to the bank that, while Strobel had continued to use the name under which the partnership business had been operated, he was the sole owner of the business. Shortly after the execution of the renewal notes Strobel became a bankrupt, and later the bank became insolvent and was taken over by the State Banking Department. Suit was brought by the bank commissioner on the renewal notes against Thompson, and from a judgment in the bank commissioner's favor is this appeal.

It was contended by Thompson at the trial below that the dissolution was discussed with the cashier of the bank, and that it was agreed on behalf of the bank that Strobel would take over the assets of the firm and assume its liabilities, and that Thompson should be discharged from any and all partnership liability, so far as the bank was interested. This agreement was denied by the cashier of the bank.

The court submitted Thompson's defense to the jury under an instruction which told the jury that, if the bank accepted the defendant Strobel's individual assumption of the firm's indebtedness to the bank, with knowledge of the dissolution of the firm, it thereby released defendant Thompson from liability for said indebtedness.

In other instructions the court charged the jury that the burden was upon Thompson to show his release, and we think this was error under the facts of this case.

It may be conceded that, if Thompson had not been released by the bank from his liability to it, he would still be liable for the original debt which the renewal notes evidenced. However, he was not sued upon the original debt but upon the renewal notes. It is an undisputed fact that the partnership had been dissolved, and that for a period of eight months thereafter Strobel was engaged, not in winding up and settling the partnership affairs, but in carrying on the business in which the partnership had been engaged as sole owner thereof. In the meantime Strobel continued to be a customer of and depositor with the bank, whose officers knew that, while Strobel had continued to use the firm name, he had become the sole owner of the business, and that the partnership had ceased to exist. The notes sued on were executed in the name under which the partnership had operated, but this was the name under which Strobel transacted all other business with the bank after the dissolution. It was the name under which Strobel carried his individual account with the bank. In this name Strobel had deposited and had checked out of the bank more than twenty thousand dollars.

Of course, Thompson's retirement from the partnership did not discharge his liability to the bank for the partnership debts due at the time of the dissolution, unless it was agreed by the bank that it would thereafter hold Strobel only liable. But this question of fact was submitted to the jury, and the verdict of the jury would be conclusive of the question of liability, but for the error in placing the burden of proof upon the defendant Thompson.

*Prima facie* Thompson appears to have been discharged by the execution of the individual note of Strobel and by the subsequent transactions between Strobel and the bank, and we think the burden was upon the bank to show that this was not true, and that the original liability of Thompson as a member of the dissolved firm subsisted and continued, and for the error indicated the judgment will be reversed, and the cause remanded.

Certain questions are raised on this appeal as to errors occurring at the trial, but, as they are not likely to recur on the retrial of the cause, we do not discuss them.